# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:24-cv-3265-NYW-CYC

JACOB SCHUR,

    Plaintiff,

v.

TOWN OF BASALT, COLORADO,
AARON MUNCH,
VALERIA MORALES, and
NINO SANTIAGO,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference, pursuant to Fed. R. Civ. P. 16(b), occurred on January 27, at 10:30 a.m., in Courtroom C-205, Byron G. Rogers Courthouse, 1961 Stout St., Denver, Colorado, before Magistrate Judge Cyrus Y. Chung. Appearing for the parties are:

| | |
|---|---|
| Zachary L. Shiffler | Nicholas C. Poppe |
| Raymond K. Bryant | Timothy Walsh |
| Civil Rights Litigation Group, PLLC | Nathan Dumm & Mayer PC |
| 1543 Champa Street, Suite 400 | 7900 East Union Avenue |
| Denver, Colorado 80202 | Denver Corporate Center III |
| Phone: (720) 515-6165 | Phone: (303) 691-3737 – Poppe |
| Fax: (720) 465-1975 | Phone: (303) 951-6636 – Walsh |
| zach@rightslitigation.com | npoppe@ndm-law.com |
| raymond@rightslitigation.com | twalsh@ndm-law.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper under 42 U.S.C. § 1983, the Constitution of the United States, and 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b) because all the events complained of occurred in the State of Colorado. Jurisdiction supporting Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. §1988.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff:**

This is a civil rights case involving three unlawful arrests of Jacob Schur by Basalt Police Officers for non-threatening and disability-related communications that cannot be reasonably construed as criminal conduct. Mr. Schur is a Colorado resident, attorney, business owner, and father of two. He has also been diagnosed with severe obsessive-compulsive disorder ("OCD"), which he has lived with for many years. Within two years, the defendant officers of the Basalt Police Department arrested Mr. Schur three times and charged him with felony trespassing for entering his own house, harassment for non-threatening texts to his wife about their children and home life, and domestic violence where there was none. All of these charges lacked probable cause. And they all resulted from the defendant officers apparently believing that Mr. Schur's disability-related communications to his wife about cleanliness were "over the top" and, therefore, merited keeping Mr. Schur from his own property and his wife. As a result of these unfounded charges, Mr. Schur spent four nights in jail, including New Year's Eve of 2022.

It appears from the communications and actions of the defendant officers that they lacked knowledge of, or disregarded, critical information about the state of the law at the time charges were asserted. Thus, in addition to the defendant officers' unreasonable conduct, Defendant Town of Basalt was a moving force behind Mr. Schur's arrests by (1) failing to train and supervise its officers to avoid misperceiving disability-related conduct as criminal conduct, (2) permitting its officers to make arrests under an invalidated provision of the harassment statute, and (3) permitting its officers to make arrests and seek arrest warrants without establishing probable cause for each element of the crime. The Town's failure to train/supervise its officers proximately caused all three of Mr. Schur's arrests, and the continuing pattern of arrests evidence an unconstitutional practice that must be stopped.

**b. Defendants:**

Mr. Schur was arrested as a result of his criminal conduct. While Mr. Schur may have been diagnosed with Obsessive Compulsive Disorder ("OCD"), it is not at all clear that his criminal behavior was driven by his OCD. Even if Mr. Schur's unlawful behavior was driven by his OCD, the Tenth Circuit has never held that a disability immunizes an individual from prosecution for criminal behavior. In fact, the Tenth Circuit has held that individuals may be prosecuted, even if their criminal acts are a manifestation of a disability.

What is clear is that Mr. Schur has repeatedly and unlawfully entered his wife's home without her permission, sent his wife hundreds of messages at all hours of the day and night, violated the terms of a protection order, and violated other agreements

intended to keep the peace between himself and his wife. These are criminal allegations and Mr. Schur's related arrests were supported by probable cause, including, among copious other evidence, Mr. Schur's own confessions. Defendants have a responsibility to enforce criminal law in their jurisdiction, and to protect victims such as Mrs. Schur from the criminal acts of others. Defendants deny that Mr. Schur was arrested without probable cause to believe a crime had been committed, that his arrests were in retaliation for any protected speech, or that Mr. Schur's continuing criminal actions are somehow excused by his claim of disability.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On December 30, 2022, Defendant Munch arrested Mr. Schur without a warrant.
2. On December 30, 2022, Mr. Schur was charged with felony trespassing, harassment, and domestic violence.
3. On November 10, 2023, Defendant Munch arrested Mr. Schur without a warrant.
4. On November 10, 2023, Mr. Schur was charged with harassment and domestic violence.
5. On September 3, 2024, Defendants Morales submitted an affidavit for an arrest warrant against Mr. Schur.
6. On September 3, 2024, Mr. Schur was arrested for harassment, felony trespassing, and domestic violence.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff:**

4

Mr. Schur seeks compensation for mental and emotional harm, lost liberty, and economic injuries. He also seeks the imposition of punitive damages against the individual officers to punish and deter the blatant abuse of authority and violation of Mr. Schur's constitutional and legal rights.

1. Compensatory damages—in an amount to be determined at trial and supplemented as discovery proceeds and experts are retained—for:
   a. Mental and emotional harm (to be determined by a jury);
   b. Lost liberty (to be determined by a jury);
   c. Economic damages, to include costs and inconveniences associated with past and future criminal defense costs (currently approximately $20,000 and continue to accrue);
2. Punitive damages (to be determined by a jury); and
3. As otherwise articulated in the Complaint and Jury Demand, including costs, interests, and attorney fees, etc.

**b. Defendants:**

Defendants do not currently seek any damages but reserve the right to seek attorneys' fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:**

The Fed. R. Civ. P. 26(f) meeting was held on January 10, 2025.

b. **Participants in the meeting were as follows:**

5

    1) Zachary L. Shiffler, counsel for Plaintiff;

    2) Nicholas C. Poppe and Timothy Walsh, counsel for Defendants.

c. **Statement as to when Rule 26(a)(1) disclosures will be made:**

Rule 26(a)(1) disclosures were made on January 24, 2025.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

None.

e. **Statement concerning any agreements to conduct informal discovery:**

None at this time.

f. **Statement concerning any other agreements or procedures to reduce discovery. and other litigation costs, including the use of a unified exhibit numbering system:**

The parties agree to take all reasonable steps to reduce discovery and reduce costs, including the use of the Sedona Principles for ESI data, if applicable, as well as the use of a unified exhibit numbering system.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information. To the extent that discovery or

disclosures involve information or records in electronic form, the parties will take steps to preserve that information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are currently discussing the possibility of settlement.

## 7. CONSENT

All parties **have NOT** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

　　i. **Plaintiff:** Plaintiff proposes the presumptive limit of ten (10) depositions per side, exclusive of retained and non-retained experts. Plaintiff proposes the presumptive limit of twenty-five (25) unique interrogatories to Plaintiff, and an increase above the presumptive limit to fifty (50) unique interrogatories in aggregate to Defendants.

　　ii. **Defendants:** Defendants agree to the limitations proposed by Plaintiff.

**b. Limitations which any party proposes on the length of depositions:**

　　i. **Plaintiff:** Plaintiff proposes that all depositions be limited to the presumptive limit of seven (7) hours.

　　ii. **Defendants:** Defendants agree that all depositions be limited to the presumptive limit of seven (7) hours.

    c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

        i. **Plaintiff:** Plaintiff proposes that Plaintiff may serve no more than fifty (50) unique requests for production in aggregate and fifty (50) unique requests for admission in aggregate on the Defendants. Plaintiff proposes that Defendants may serve no more than twenty-five (25) unique requests for production and twenty-five (25) unique requests for admission on the Plaintiff.

        ii. **Defendants:** Defendants agree to the limitations proposed by Plaintiff.

    d. **Deadline for service of interrogatories, requests for production of documents and/or admissions:**

        i. The last written discovery requests shall not be served upon any adverse party any later than forty-five (45) days before the close of discovery.

    e. **Other planning or discovery orders:**

        i. Defendants assert that part of Plaintiff's suit may be subject to the *Younger* abstention doctrine. See *Phelps v. Hamilton*, 122 F.3d 885 (10th Cir. 1997). Plaintiff is currently a defendant in an ongoing criminal prosecution related to the last arrest documented in his Complaint and a new criminal case after being arrested on charges of Violation of a Protection Order, C.R.S. § 18-6-803.5, and Harassment, C.R.S. § 18-9-111(1)(e), with a domestic violence sentence enhancer pursuant to

C.R.S. § 18-6-800.3, on January 4, 2025. Eagle County, Colorado, Docket Nos. 2024CR188, 2025M3. The charges and victim in this latest criminal case are same as those at issue in this civil matter. Plaintiff's suit includes a prayer for declaratory and injunctive relief.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: March 28, 2025.

b. Discovery Cut-Off: September 26, 2025.

c. Dispositive Motion Deadline: October 27, 2025.

d. Rule 702 Deadline: All motions filed under Federal Rule of Evidence 702 and any motion to strike an expert on the basis of discovery violations shall be filed no later than thirty (30) days after the deadline for disclosure of rebuttal witnesses.

e. Expert Witness Disclosure:

1. Parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff:** Plaintiff anticipates experts in police policies, procedures, practices, and training. Plaintiff also anticipates a disabilities expert.

**Defendants:** Defendants anticipate experts in police policies, procedures, practices and training. Defendant also anticipates a disabilities expert, plus any expert needed in rebuttal.

2. Limitations which the parties propose on the use or number of expert witnesses:

9

Each side shall be limited to three (3) retained experts, not including non-retained experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P, 26(a)(2)(e) on or before July 26, 2025.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 26, 2025.

f. Identification of Persons to be Deposed:

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Defendant Town of Basalt 30(b)(6) Deponent(s) | 7 hours |
| Defendant Aaron Munch | 7 hours |
| Defendant Valeria Morales | 7 hours |
| Defendant Nino Santiago | 7 hours |
| Officer Alec Mass | TBD |
| Officer Bo Biggs | TBD |
| Officer Parichat Robles | TBD |
| Deputy Damien Stewart | TBD |
| Jacob Schur | 7 hours |
| Any expert disclosed by Defendants | TBD |
| Any expert disclosed by Plaintiff | TBD |

g. Deadline for Interrogatories: 45 days before the close of discovery.

h. Deadline for Requests for Production of Documents and/or Admissions: 45 days before the close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

10

_____.

b. If no dispositive motions are filed, the Parties shall, no later than **seven days** after the dispositive motions deadline has passed, file a joint motion for a status conference for purposes of setting firm dates for the Final Pretrial/Trial Preparation Conference and the trial. *See* Section B.2 of District Judge Wang's Standing Order Regarding Trial and Pre-Trial Procedures. If dispositive motions are filed, the Court will *sua sponte* set the status conference when resolving the dispositive motion(s), should the dispositive motion(s) not fully dispose of the case. *See* Section B.2.a of District Judge Wang's Standing Order Regarding Trial and Pre-Trial Procedures.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:**

None.

**b. Anticipated length of trial and whether trial is to the court or jury:**

Parties anticipates a five-day trial to a jury.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse / Federal Building, 402 Food Avenue, Grand Junction Colorado 81501-2502; or the U.S. Courthouse / Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:**

Plaintiff: All proceedings, including trial, should occur in the Denver Courthouse. Counsel for all parties, along with the presiding judge, are located in Denver. It is 249 miles from the Denver courthouse to the Grand Junction Courthouse. It is 184 miles from the Basalt Police Department to the Denver Courthouse. It is 111 miles from the Basalt Police Department to the Grand Junction Courthouse. The difference between travel from Basalt to Grand Junction and Basalt to Denver is only 73 miles, which is significantly less than the 249 miles that all counsel would be required to travel if the proceedings and the trial are in Grand Junction. Principles of economy favor a trial in Denver.

Defendants: Any jury trial would take place in Grand Junction, Colorado, as Basalt lies within Jury Division Three.

Court: The Parties should address the location of the trial with District Judge Wang once it becomes clear that one will occur.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 27th day of January, 2025.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

APPROVED AS SUBMITTED ON January 17, 2025:

| | |
|---|---|
| s/ Zachary L. Shiffler | s/ Nicholas C. Poppe |
| Zachary L. Shiffler, Reg. No. 54146 | Nicholas C. Poppe |
| Raymond K. Bryant, Reg. No 42586 | Timothy Walsh |
| Civil Rights Litigation Group | Nathan Dumm & Mayer PC |
| 1543 Champa Street, Suite 400 | 7900 East Union Avenue |
| Denver, CO 80202 | Denver corporate Center III, Suite 600 |
| Phone: (720) 515-6165 | Denver, CO 80237 |
| zach@rightslitigation.com | Phone: (303) 691-3737 – Poppe |
| raymond@rightslitigation.com | Phone: (303) 951-6636 – Walsh |
| **Attorneys for Plaintiff** | npoppe@ndm-law.com |
| | twalsh@ndm-law.com |
| | **Attorneys for Defendants** |

13