**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-CV-03265-NYW-CYC

JACOB SCHUR

     Plaintiff

v.

TOWN OF BASALT, COLORADO,
AARON MUNCH,
VALERIA MORALES, and
NINO SANTIAGO,

    Defendants.

---

## ANSWER AND JURY DEMAND

---

Defendants, Town of Basalt, Colorado, Aaron Munch, Valeria Morales, and Nino Santiago, by and through their attorneys Nicholas C. Poppe and Timothy Walsh of Nathan Dumm & Mayer P. C., hereby submit their Answer and Jury Demand as follows:

With reference to Plaintiff's "Introduction," this section violates Rule 8's requirement for a short and plain statement; thus, no response is required. To the extent a response is required, the Defendants deny the allegations contained therein and deny that they violated Mr. Schur's rights.

1.    With reference to the allegations contained in paragraph 1 of Plaintiff's Complaint, the Defendants admit that Plaintiff has brought claims under 42 U.S.C. § 1983 and the U.S. Constitution.

2.      With reference to the allegations contained in paragraph 2 of Plaintiff's Complaint, the Defendants admit that Plaintiff has brought claims under C.R.S. § 13-21-131 and the Colorado Constitution.

3.      With reference to the allegations contained in paragraph 3 of Plaintiff's Complaint, the Defendants do not dispute that the Court has jurisdiction, to the extent Plaintiff has cognizable claims under federal law.

4.      With reference to the allegations contained in paragraph 4 of Plaintiff's Complaint, the Defendants do not dispute that the Court has supplemental jurisdiction, to the extent Plaintiff has cognizable claims under state law.

5.      With reference to the allegations contained in paragraph 5 of Plaintiff's Complaint, the Defendants admit that venue is proper in Colorado.

6.      With reference to the allegations contained in paragraph 6 of Plaintiff's Complaint, the Defendants do not dispute that Plaintiff has invoked a claim for attorney's fees under 42 U.S.C. § 1988 and C.R.S. § 13-21-131, to the extent Plaintiff has cognizable claims.

7.      The Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      With reference to the allegations contained in paragraph 8 of Plaintiff's Complaint, the Defendants admit that the Town of Basalt is a municipality established under the laws of the State of Colorado and is the employer of Lt. Munch. With reference to the remaining allegations contained in this paragraph, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants deny the allegations contained therein.

9.      The Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     The Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     The Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     With reference to the allegations contained in paragraph 12 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs incorporated therein.

13.     The Defendants, upon information and belief, admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     The Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     With reference to the allegations contained in paragraph 15 of Plaintiff's Complaint, the Defendants admit that it has been reported to them that Mr. Schur has obsessive-compulsive disorder. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

16.     The Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     With reference to the allegations contained in paragraph 17 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

18.     With reference to the allegations contained in paragraph 18 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

19.     With reference to the allegations contained in paragraph 19 of Plaintiff's Complaint, the Defendants admit that it was reported to them that Plaintiff had vacated the martial home in early December and had rented his own apartment. With respect to the remaining allegations, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

20.     With reference to the allegations contained in paragraph 20 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

21.     With reference to the allegations contained in paragraph 21 of Plaintiff's Complaint, the Defendants admit that as of December 2022, Mr. Schur and his wife were not divorced. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

22.     With reference to the allegations contained in paragraph 22 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

23.     With reference to the allegations contained in paragraph 23 of Plaintiff's Complaint, the Defendants admit that Lt. Munch was dispatched to Ms. Schur's domicile on December 30, 2022. The Defendants deny all remaining allegations contained in this paragraph.

24.     With reference to the allegations contained in paragraph 24 of Plaintiff's Complaint, the Defendants admit that Ms. Schur advised Lt. Munch of Plaintiff's OCD. The Defendants also admit that she advised Lt. Munch that Mr. Schur had become agitated during a recent visit to the home. The Defendants deny any remaining allegations contained in this paragraph.

25.     With reference to the allegations contained in paragraph 25 of Plaintiff's Complaint, the Defendants admit that Ms. Schur advised officers that Plaintiff had moved out of the marital home and had secured a residence at a separate address. The Defendants deny the remaining allegations contained in this paragraph.

26.     With reference to the allegations contained in paragraph 26 of Plaintiff's Complaint, the Defendants admit that Ms. Schur advised officers that no restraining order had yet been sought against Plaintiff.

27.     With reference to the allegations contained in paragraph 27 of Plaintiff's Complaint, the Defendants admit that Ms. Schur advised officers that Plaintiff could physically access the home through a keypad.

28.     With reference to the allegations contained in paragraph 28 of Plaintiff's Complaint, the Defendants admit that it was reported to officers that Mr. Schur was on the title for the property on the Evans Road home. With reference to the remaining allegations contained in paragraph 28, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

29.     With reference to the allegations contained in paragraph 29 of Plaintiff's Complaint, the Defendants admit that it was reported that Plaintiff would become triggered or

agitated by the state of Ms. Schur's domicile. The Defendants deny any remaining allegations contained in this paragraph.

30.     With reference to the allegations contained in paragraph 30 of Plaintiff's Complaint, the Defendants admit that Ms. Schur reported that Plaintiff had washed the children's Christmas gifts, which was purportedly a manifestation of Plaintiff's OCD. The Defendants deny the remaining allegations contained in this paragraph.

31.     With reference to the allegations contained in paragraph 31 of Plaintiff's Complaint, the Defendants admit that Ms. Schur denied any physical abuse. The Defendants also admit Ms. Schur reported mental and emotional abuse and that encounters with Plaintiff were "really tense" and "a lot." The Defendants deny any remaining allegations contained in this paragraph.

32.     With reference to the allegations contained in paragraph 32 of Plaintiff's Complaint, the Defendants admit that Ms. Schur provided examples of Plaintiff's conduct over the past several days and weeks. The Defendants deny all remaining allegations contained in this paragraph.

33.     With reference to the allegations contained in paragraph 33 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur discussed Mr. Schur's OCD and his "protocols" and that Lt. Munch inquired about that them. The Defendants deny any remaining allegations contained in this paragraph.

34.     With reference to the allegations contained in paragraph 34 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

35.     With reference to the allegations contained in paragraph 35 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur reported that Plaintiff came to her domicile without permission on December 30 while she was not home.

36.     With reference to the allegations contained in paragraph 36 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur reported asking Plaintiff about a key to the storage unit. The Defendants admit that Kerrie Schur reported that Plaintiff came over to her domicile without permission. The Defendants deny all remaining allegations contained in this paragraph.

37.     With reference to the allegations contained in paragraph 37 of Plaintiff's Complaint, the Defendants admit that Ms. Schur told Plaintiff to leave her domicile and that she pushed him out of her domicile. The Defendants admit that Lt. Munch stated the phrase "That's fine. He was telling the other officer that you hit him in the shoulder." The Defendants deny any remaining allegations contained in this paragraph.

38.     With reference to the allegations contained in paragraph 38 of Plaintiff's Complaint, the Defendants admit that Lt. Munch advised Kerrie Schur that Plaintiff was going to be arrested. The Defendants admit that Lt. Munch used the phrase "way over the top" and "definitely needs to happen" in the context of the abuse Kerrie Schur was suffering. The Defendants deny the remaining allegations contained in this paragraph.

39.     With reference to the allegations contained in paragraph 39 of Plaintiff's Complaint, the Defendants admit that Plaintiff was detained in a traffic stop. The Defendants admit that Plaintiff was detained during portions of Lt. Munch's interview of Ms. Schur. The Defendants deny any remaining allegations contained in this paragraph.

40.     With reference to the allegations contained in paragraph 40 of Plaintiff's Complaint, the Defendants admit that Lt. Munch advised officers to arrest Plaintiff on a trespassing charge. The Defendants admit that Lt. Munch discussed Ms. Schur pushing Plaintiff out of her domicile. The Defendants deny any remaining allegations contained in this paragraph.

41.     With reference to the allegations contained in paragraph 41 of Plaintiff's Complaint, these Defendants admit that Lt. Munch used the phrase "This is the reason DV laws are in place" with respect to Plaintiff's criminal behavior against Kerrie Schut.

42.     With reference to the allegations contained in paragraph 42 of Plaintiff's Complaint, the Defendants aver the allegations contain a legal conclusion, to which no response is required. To the extent a response is required, the Defendants admit that Plaintiff has paraphrased subsections of C.R.S. § 18-4-502.

43.     With reference to the allegations contained in paragraph 42 of Plaintiff's Complaint, the Defendants aver the allegations contain a legal conclusion, to which no response is required. To the extent a response is required, the Defendants admit that Plaintiff has paraphrased subsections of C.R.S. § 18-9-111(1)(e).

44.     With reference to the allegations contained in paragraph 44 of Plaintiff's Complaint, the Defendants admit that Mr. Schur was in jail on December 30, 2022, and December 31, 2022, as a result of his arrest.

45.     With reference to the allegations contained in paragraph 45 of Plaintiff's Complaint, the Defendants admit that the criminal charges against Mr. Schur were dismissed.

46.     With reference to the allegations contained in paragraph 46 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur's mother called the Basalt Police Department and that Lt. Munch responded for a call of harassment by the Plaintiff.

47.     With reference to the allegations contained in paragraph 47, the Defendants admit that Lt. Munch called Kerrie Schur to obtain information and that she expressed a number of behaviors of Plaintiff that concerned her, including Plaintiff showing up to a school event. The Defendants deny the remaining allegations contained in this paragraph.

48.     With reference to the allegations contained in paragraph 48 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur reported Plaintiff confronting her about an allegedly dirty hat and that she described the incident as intense. The Defendants deny the remaining allegations contained in this paragraph.

49.     With reference to the allegations contained in paragraph 49 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur explained and provided dozens of text messages to Lt. Munch.

50.     The Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     With reference to the allegations contained in paragraph 51 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur did not advise officers of any violence or threats of physical harm from Plaintiff. The Defendants deny any remaining allegations contained in this paragraph.

52.     The Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     With reference to the allegations contained in paragraph 53 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur did not block Plaintiff's communications, which may have been physically possible.

54.     With reference to the allegations contained in paragraph 54 of Plaintiff's Complaint, the Defendants admit that Lt. Munch had probable cause to arrest Plaintiff for harassment based on Plaintiff's repeated text messages in the evening/overnight. The Defendants admit that Lt. Munch opined that he thought that was extreme. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

55.     With reference to the allegations contained in paragraph 55 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur did not verbalize the exact time of day when the text messages were sent. The Defendants deny the remaining allegations contained in this paragraph.

56.     With reference to the allegations contained in paragraph 56 of Plaintiff's Complaint, the Defendants admit that Lt. Munch advised Kerrie Schur that Plaintiff's actions constituted harassment and that he intended to arrest Plaintiff. The Defendants deny the remaining allegations contained in this paragraph.

57.     With reference to the allegations contained in paragraph 57 of Plaintiff's Complaint, the Defendants admit that the Plaintiff explained in part why he communicated with Kerrie Schur. The Defendants deny the remaining allegations contained in this paragraph.

58.     With reference to the allegations contained in paragraph 58 of Plaintiff's Complaint, the Defendants admit that Plaintiff discussed "an ADA perspective" during his phone call with Lt. Munch.

59.     With reference to the allegations contained in paragraph 59 of Plaintiff's Complaint, the Defendants admit that Lt. Munch informed Plaintiff that the ADA could not excuse otherwise criminal conduct under the harassment statute.

60.     With reference to the allegations contained in paragraph 60 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants deny the allegations contained therein.

61.     With reference to the allegations contained in paragraph 61 of Plaintiff's Complaint, the Defendants admit that Lt. Munch advised Plaintiff that he was going to be arrested and asked him to come outside.

62.     With reference to the allegations contained in paragraph 62 of Plaintiff's Complaint, the Defendants admit that Plaintiff came outside to meet with Lt. Munch. The Defendants deny the remaining allegations contained in this paragraph.

63.     The Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.     With reference to the allegations contained in paragraph 64 of Plaintiff's Complaint, the Defendants admit that Mr. Schur was arrested and taken to jail, which is approximately an hour away.

65.     With reference to the allegations contained in paragraph 65 of Plaintiff's Complaint, the Defendants admit that Lt. Munch discussed the standards for harassment charges. The Defendants deny any remaining allegations contained in this paragraph.

66.     The Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     The Defendants admit the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     With reference to the allegations contained in paragraph 68 of Plaintiff's Complaint, the Defendants admit that a state court judge found no probable cause of the arrest.

69.     The Defendants admit the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     With reference to the allegations contained in paragraph 70 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur was out of state and that she reported Plaintiff was in her domicile.

71.     With reference to the allegations contained in paragraph 71 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

72.     With reference to the allegations contained in paragraph 72 of Plaintiff's Complaint, the Plaintiffs currently lack sufficient information to admit or deny and therefore deny the same.

73.     With reference to the allegations contained in paragraph 73 of Plaintiff's Complaint, the Plaintiffs currently lack sufficient information to admit or deny and therefore deny the same.

74.     With reference to the allegations contained in paragraph 74 of Plaintiff's Complaint, the Defendants admit that Officer Morales requested a clearance check for protection orders and that none were present for Mr. Schur. The Defendants deny the remaining allegations contained in this paragraph.

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     With reference to the allegations contained in paragraph 76 of Plaintiff's Complaint, the Defendants admit that Officer Morales spoke with Sgt. Santiago about Plaintiff's trespass into Kerrie Schur's domicile.

77.     The Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     With reference to the allegations contained in paragraph 78 of Plaintiff's Complaint, the Defendants admit that Sgt. Santiago discussed with Officer Morales a warrant for Plaintiff's arrest for Trespassing. The Defendants deny any remaining allegations contained in this paragraph.

79.     With reference to the allegations contained in paragraph 79 of Plaintiff's Complaint, the Defendants admit that Officer Morales advised that she would be submitting an arrest warrant for Trespassing.

80.     The Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.     With reference to the allegations contained in paragraph 81 of Plaintiff's Complaint, the Defendants admit that Officer Morales discussed not texting Kerrie Schur with Plaintiff and advised Plaintiff that she may submit a warrant for his arrest on Trespassing.

82.     The Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     The Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     With reference to the allegations contained in paragraph 84 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

85.     With reference to the allegations contained in paragraph 85 of Plaintiff's Complaint, the Defendants admit that in addition to Trespassing, the warrant included a charge under C.R.S. §18-9-111(h).

86.     With reference to the allegations contained in paragraph 86 of Plaintiff's Complaint, the Defendants aver the affidavit speaks for itself and deny any allegations inconsistent with the plain language of the affidavit.

87.     With reference to the allegations contained in paragraph 87 of Plaintiff's Complaint, the Defendants admit that in addition to Trespassing, the warrant included a charge under C.R.S. §18-9-111(h).

88.     The Defendants admit the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     The Defendants admit the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     The Defendants admit the allegations contained in paragraph 90 of Plaintiff's Complaint.

91.     The Defendants admit the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     With reference to the allegations contained in paragraph 92 of Plaintiff's Complaint, the Defendants admit that Mr. Schur was arrested for trespassing and harassment and that this was his third arrest in since December 30, 2022. With reference to the remaining allegations, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

93.     With reference to the allegations contained in paragraph 93 of Plaintiff's Complaint, the Defendants admit that Plaintiff spent a night in jail. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

94.     With reference to the allegations contained in paragraph 94 of Plaintiff's Complaint, the Defendants admit that the harassment charge and domestic violence enhancer were dismissed, but the felony trespassing charge was bound over in district court.

95.    With reference to the allegations contained in paragraph 95 of Plaintiff's Complaint, the Defendants admit that the Town has employed ten officers from 2022 to the present.

96.    With reference to the allegations contained in paragraph 96 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants admit that five officers responded in some capacity to the call for service on December 30, 2022.

97.    The Defendants deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.    The Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.    The Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    With reference to the allegations contained in paragraph 100 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver that the decision speaks for itself.

101.    With reference to the allegations contained in paragraph 101 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver that the decision speaks for itself.

102.     With reference to the allegations contained in paragraph 102 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver that the decision speaks for itself.

103.     The Defendants deny the allegations contained in paragraph 103 of Plaintiff's Complaint.

104.     The Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105.     The Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

104.     With reference to the allegations contained in paragraph 104 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs incorporated therein.

105.     The Defendants admit the allegations contained in paragraph 105 of Plaintiff's Complaint.[1]

106.     With reference to the allegations contained in paragraph 106 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

107.     With reference to the allegations contained in paragraph 107 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

---

[1] Paragraphs 104 and 105 have been repeated in the Complaint.

108.    With reference to the allegations contained in paragraph 108 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

109.    With reference to the allegations contained in paragraph 109 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur advised Lt. Munch that no restraining order was in place with respect to Mr. Schur.

110.    With reference to the allegations contained in paragraph 110 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur advised Lt. Munch that Mr. Schur had moved out in early December and was not allowed at her domicile without her permission. The Defendants deny any remaining allegations contained in this paragraph.

111.    With reference to the allegations contained in paragraph 111 of Plaintiff's Complaint, the Defendants admit that they were advised that some of Mr. Schur's belongings were in Kerrie Schur's domicile. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

112.    With reference to the allegations contained in paragraph 112 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

113.    With reference to the allegations contained in paragraph 113 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

114.    With reference to the allegations contained in paragraph 114 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

115.    With reference to the allegations contained in paragraph 115 of Plaintiff's Complaint, the Defendants deny that Mr. Schur never agreed to move out of Kerrie Schur's domicile. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

116.    The Defendants deny the allegations contained in paragraph 116 of Plaintiff's Complaint.

117.    The Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

118.    The Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

119.    With reference to the allegations contained in paragraph 119 of Plaintiff's Complaint, the Defendants admit that Lt. Munch arrested Plaintiff for Trespassing. The Defendants also admit that Plaintiff was also charged with harassment under subsection (1)(e) C.R.S. § 18-9-111.

120.    The Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.    With reference to the allegations contained in paragraph 121 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

122.    The Defendants admit the allegations contained in paragraph 122 of Plaintiff's Complaint.

123.    The Defendants admit the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.    The Defendants admit the allegations contained in paragraph 124 of Plaintiff's Complaint .

125.    The Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.    The Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint .

127.    With reference to the allegations contained in paragraph 127 of Plaintiff's Complaint, the Defendants admit that Plaintiff and Kerrie Schur were married in November 2023 and that they had two children together, which may require reasonable communication. The Defendants deny the remaining allegations contained in this paragraph.

128.    With reference to the allegations contained in paragraph 128 of Plaintiff's Complaint, the Defendants admit that the charges relating to Plaintiff's November 10, 2023 arrest were dismissed based on the state court judge's opinion that probable cause was not present.

129.    With reference to the allegations contained in paragraph 129 of Plaintiff's Complaint, the Defendants admit that Lt. Munch acted under color of state law. The Defendants deny the remaining allegations contained in this paragraph.

130.    With reference to the allegations contained in paragraph 130 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs incorporated therein.

131.    With reference to the allegations contained in paragraph 131 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants deny the allegations contained therein.

132.    With reference to the allegations contained in paragraph 132 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants deny the allegations contained therein.

133.    With reference to the allegations contained in paragraph 133 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a response is required, the Defendants deny the allegations contained therein.

134.    The Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.    The Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.    The Defendants deny the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    With reference to the allegations contained in paragraph 137 of Plaintiff's Complaint, the Defendants admit that as of December 30, 2022, no protection order restrained Plaintiff from contacting Kerrie Schur.

138.    The Defendants deny the allegations contained in paragraph 138 of Plaintiff's
Complaint.

139.    With reference to the allegations contained in paragraph 139 of Plaintiff's
Complaint, the Defendants currently lack sufficient information to admit or deny the allegations
and therefore deny the same.

140.    With reference to the allegations contained in paragraph 140 of Plaintiff's
Complaint, the Defendants currently lack sufficient information to admit or deny the allegations
and therefore deny the same.

141.    The Defendants deny the allegations contained in paragraph 141 of Plaintiff's
Complaint.

142.    The Defendants deny the allegations contained in paragraph 142 of Plaintiff's
Complaint.

143.    The Defendants deny the allegations contained in paragraph 143 of Plaintiff's
Complaint.

144.    The Defendants deny the allegations contained in paragraph 144 of Plaintiff's
Complaint.

145.    With reference to the allegations contained in paragraph 145 of Plaintiff's
Complaint, the Defendants admit that Kerrie Schur had not blocked Plaintiff from
communicating with her. The Defendants deny all remaining allegations contained in this
paragraph.

146.    The Defendants deny the allegations contained in paragraph 146 of Plaintiff's
Complaint.

147.    The Defendants deny the allegations contained in paragraph 147 of Plaintiff's
Complaint.

148.    With reference to the allegations contained in paragraph 148 of Plaintiff's
Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is
required. To the extent a response is required, the Defendants deny the allegations contained in
this paragraph.

149.    The Defendants deny the allegations contained in paragraph 149 of Plaintiff's
Complaint.

150.    The Defendants deny the allegations contained in paragraph 150 of Plaintiff's
Complaint.

151.    With reference to the allegations contained in paragraph 151 of Plaintiff's
Complaint, the Defendants admit that Lt. Munch acted under color of state law. The Defendants
deny the remaining allegations contained in this paragraph.

152.    With reference to the allegations contained in paragraph 152 of Plaintiff's
Complaint, the Defendants incorporate their responses and defenses to the paragraphs
incorporated therein.

153.    With reference to the allegations contained in paragraph 153 of Plaintiff's
Complaint, the Defendants currently lack sufficient information to admit or deny and therefore
deny the same.

154.    With reference to the allegations contained in paragraph 154 of Plaintiff's
Complaint, the Defendants admit that Mr. Schur referenced his OCD during his arrests.

155.    With reference to the allegations contained in paragraph 155 of Plaintiff's
Complaint, the Defendants admit that Lt. Munch stated he could not excuse Plaintiff's criminal
conduct on the basis of his disability.

156.    With reference to the allegations contained in paragraph 156 of Plaintiff's
Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a
response is required, the Defendants admit that they did not discuss excusing Plaintiff's criminal
conduct on the basis of the ADA.

157.    The Defendants deny the allegations contained in paragraph 157 of Plaintiff's
conduct.

158.    The Defendants deny the allegations contained in paragraph 158 of Plaintiff's
Complaint, as Lt. Munch correctly recognized Plaintiff's conduct as criminal in nature.

159.    With reference to the allegations contained in paragraph 159 of Plaintiff's
Complaint, the Defendants admit that Plaintiff was arrested for engaging in criminal conduct.
The Defendants deny all remaining allegations contained in this paragraph.

160.    The Defendants deny the allegations contained in paragraph 160 of Plaintiff's
Complaint.

161.    The Defendants deny the allegations contained in paragraph 161 of Plaintiff's
Complaint.

162.    The Defendants deny the allegations contained in paragraph 162 of Plaintiff's
Complaint.

163.    The Defendants deny the allegations contained in paragraph 163 of Plaintiff's
Complaint.

164.     With reference to the allegations contained in paragraph 164 of Plaintiff's Complaint, the Defendants incorporate their responses to the paragraphs incorporated therein.

165.     With reference to the allegations contained in paragraph 165 of Plaintiff's Complaint, the Defendants admit that Officer Morales responded to a call for service at Kerrie Schur's domicile at Evans Roads regarding a complaint for trespassing by Plaintiff.

166.     With reference to the allegations contained in paragraph 166 of Plaintiff's Complaint, the Defendants admit that Plaintiff was staying at a separate apartment. With reference to the remaining allegations contained in this paragraph, the Defendants currently lack sufficient information to admit or deny and therefore deny the same.

167.     With reference to the allegations contained in paragraph 167 of Plaintiff's Complaint, the Defendants admit that a protection order was not in place on July 27, 2024.

168.     With reference to the allegations contained in paragraph 168 of Plaintiff's Complaint, the Defendants admit that Officer Morales entered Kerrie Schur's domicile and that Plaintiff was alone in her domicile. The Defendants deny any remaining allegations contained in this paragraph.

169.     With reference to the allegations contained in paragraph 169 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur reported she was in New Hampshire when Plaintiff entered her domicile. The Defendants deny any remaining allegations contained in this paragraph.

170.     With reference to the allegations contained in paragraph 170 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur reported that Plaintiff was in her domicile

without her permission and was communicating with Kerrie Schur about various items in her domicile.

171.    The Defendants deny the allegations contained in paragraph 171 of Plaintiff's Complaint.

172.    The Defendants deny the allegations contained in paragraph 172 of Plaintiff's Complaint.

173.    The Defendants deny the allegations contained in paragraph 173 of Plaintiff's Complaint.

174.    The Defendants deny the allegations contained in paragraph 174 of Plaintiff's Complaint.

175.    With reference to the allegations contained in paragraph 175 of Plaintiff's Complaint, the Defendants admit that Officer Morales called Sgt. Santiago to discuss obtaining an arrest warrant for trespassing. The Defendants deny any remaining allegations contained in this paragraph.

176.    The Defendants admit the allegations contained in paragraph 176 of Plaintiff's Complaint.

177.    The Defendants deny the allegations contained in paragraph 177 of Plaintiff's Complaint.

178.    With reference to the allegations contained in paragraph 178 of Plaintiff's Complaint, the Defendants admit that a judge found probable cause for Plaintiff's arrest on September 3, 2024.

179.    With reference to the allegations contained in paragraph 179 of Plaintiff's Complaint, the Defendants admit that Officer Morales arrested Plaintiff at his apartment and that his children were in the apartment.

180.    With reference to the allegations contained in paragraph 180 of Plaintiff's Complaint, the Defendants admit that Mr. Schur spent a night in jail and then was released.

181.    With reference to the allegations contained in paragraph 181 of Plaintiff's Complaint, the Defendants admit that the felony trespassing charge is still pending and that the harassment charge and domestic violence enhancer were dismissed.

182.    With reference to the allegations contained in paragraph 182 of Plaintiff's Complaint, the Defendants admit that Officer Morales and Sgt. Santiago acted under color of state law. The Defendants deny the remaining allegations contained in this paragraph.

183.    With reference to the allegations contained in paragraph 183 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs incorporated therein.

184.    The Defendants deny the allegations contained in paragraph 184 of Plaintiff's Complaint.

185.    With reference to the allegations contained in paragraph 185 of Plaintiff's Complaint, the Defendants that some of the Plaintiff's texts dealt with house maintenance, his trespass, and the children.

186.    With reference to the allegations contained in paragraph 186 of Plaintiff's Complaint, the Defendants admit that Kerrie Schur had not blocked Plaintiff and that she had responded to certain messages.

187.     With reference to the allegations contained in paragraph 187 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver the allegations are irrelevant since probable cause existed for Plaintiff's arrest.

188.     With reference to the allegations contained in paragraph 188 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver the allegations are irrelevant since probable cause existed for Plaintiff's arrest.

189.     The Defendants deny the allegations contained in paragraph 189 of Plaintiff's Complaint.

190.     The Defendants deny the allegations contained in paragraph 190 of Plaintiff's Complaint.

191.     With reference to the allegations contained in paragraph 191 of Plaintiff's Complaint, the Defendants admit that Officer Morales and Sgt. Santiago acted under color of state law. The Defendants deny the remaining allegations contained in this paragraph.

192.     With reference to the allegations contained in paragraph 192 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs therein.

193.     The Defendants admit the allegations contained in paragraph 193 of Plaintiff's Complaint.

194.     With reference to the allegations contained in paragraph 194 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is

required. To the extent a response is required, the Defendants aver that the decision speaks for itself.

195.    With reference to the allegations contained in paragraph 195 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver that the decision speaks for itself.

196.    With reference to the allegations contained in paragraph 194 of Plaintiff's Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants aver the allegations are too vague to merit a response and therefore deny the allegations

197.    With reference to the allegations contained in paragraph 197 of Plaintiff's Complaint, the Defendants admit that Plaintiff was arrested on a trespassing charge on December 30, 2022 and then also charged with harassment. Thus, the Defendants deny this allegation as written.

198.    The Defendants admit the allegations contained in paragraph 198 of Plaintiff's Complaint.

199.    With reference to the allegations contained in paragraph 199 of Plaintiff's Complaint, the Defendants currently lack sufficient information to admit or deny the allegations and therefore deny the same.

200.    With reference to the allegations contained in paragraph 200 of Plaintiff's Complaint, the Defendants aver the allegations are too vague to merit a response. To the extent a

response is required, the Defendants admit that five officers responded in various capacities to the call for service involving the Schurs.

201.    With reference to the allegations contained in paragraph 201 of Plaintiff's Complaint, the Defendants admit that certain of Plaintiff's text messages from on or about December 30, 2022, did not contain threats of bodily injury or property damage or obscenities.

202.    The Defendants deny the allegations contained in paragraph 202 of Plaintiff's Complaint.

203.    With reference to the allegations contained in paragraph 203 of Plaintiff's Complaint, the Defendants aver that constitutionally protected speech cannot form the basis of an arrest. The Defendants deny any remaining allegations contained in this paragraph.

204.    With reference to the allegations contained in paragraph 204 of Plaintiff's Complaint, the Defendants aver that constitutionally protected speech cannot form the basis of an arrest. The Defendants deny any remaining allegations contained in this paragraph.

205.    With reference to the allegations contained in paragraph 205 of Plaintiff's Complaint, the Defendants aver that constitutionally protected speech cannot form the basis of an arrest. The Defendants deny any remaining allegations contained in this paragraph.

206.    The Defendants deny the allegations contained in paragraph 206 of Plaintiff's Complaint.

207.    The Defendants deny the allegations contained in paragraph 207 of Plaintiff's Complaint.

208.    The Defendants deny the allegations contained in paragraph 208 of Plaintiff's Complaint.

209.     The Defendants deny the allegations contained in paragraph 209 of Plaintiff's Complaint.

210.     The Defendants deny the allegations contained in paragraph 210 of Plaintiff's Complaint.

211.     The Defendants deny the allegations contained in paragraph 211 of Plaintiff's Complaint.

212.     With reference to the allegations contained in paragraph 212 of Plaintiff's Complaint, the Defendants incorporate their responses and defenses to the paragraphs incorporated therein.

213.     The Defendants deny the allegations contained in paragraph 213 of Plaintiff's Complaint.

214.     With reference to the allegations contained in paragraph 214 of Plaintiff's Complaint, the Defendants admit that Plaintiff was arrested for trespassing on December 30, 2022, and then also charged with harassment under C.R.S. § 18-9-111(1)(e) and domestic violence.

215.     The Defendants admit the allegations contained in paragraph 215 of Plaintiff's Complaint.

216.     With reference to the allegations contained in paragraph 216 of Plaintiff's Complaint, the Defendants admit that Officer Morales arrested Mr. Schur on September 3, 2024, for felony trespass, harassment under C.R.S. §18-9-111(h), and domestic violence. The Defendants deny the remaining allegations contained in this paragraph.

217.     The Defendants deny the allegations contained in paragraph 217 of Plaintiff's
Complaint.

218.     The Defendants deny the allegations contained in paragraph 218 of Plaintiff's
Complaint.

219.     With reference to the allegations contained in paragraph 219 of Plaintiff's
Complaint, the Defendants admit that Mr. Schur has been charged under three separate sections
of the harassment statute. The Defendants deny all remaining allegations contained in this
paragraph.

220.     The Defendants deny the allegations contained in paragraph 220 of Plaintiff's
Complaint.

221.     The Defendants deny the allegations contained in paragraph 221 of Plaintiff's
Complaint.

222.     The Defendants deny the allegations contained in paragraph 222 of Plaintiff's
Complaint.

223.     The Defendants deny the allegations contained in paragraph 223 of Plaintiff's
Complaint.

224.     With reference to the allegations contained in paragraph 224 of Plaintiff's
Complaint, the Defendants incorporate their responses and defenses to the paragraphs
incorporated therein.

225.     With reference to the allegations contained in paragraph 225 of Plaintiff's
Complaint, the Defendants aver the allegations state a legal conclusion, to which no response is

required. To the extent a response is required, the Defendants aver that Plaintiff is not entitled to the relief he seeks.

226.     With reference to the allegations contained in paragraph 225 of Plaintiff's Complaint, the Defendants aver the allegations are prefatory in nature, to which no response is required. To the extent a response is required, the Defendants aver that Plaintiff is not entitled to the relief he seeks.

227.     The Defendants deny the allegations contained in paragraph 227 of Plaintiff's Complaint.

228.     The Defendants deny each and every allegation not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

1.     The individual Defendants enjoy qualified immunity from suit.

2.     All or a portion of Plaintiff's claims may not state a cause of action upon which relief can be granted.

3.     The individual Defendants are entitled to common law immunity from suit or liability under *Trimble v. City and County of Denver*, 697 P.2d 716, 729 (Colo. 1985) and its progeny.

4.     All or part of Plaintiff's claims fail to allege a sufficient constitutional violation to state a claim under C.R.S. § 13-21-131, or otherwise.

5.     The Defendants may be entitled to attorney fees in the defense of this matter under applicable statutes, rules, and legal authority.

6.      All actions of the Defendants taken with respect to the Plaintiff were taken in good faith and were reasonable under the circumstances.

7.      The Defendants assert the defense of comparative negligence.

8.      Plaintiff may have failed to mitigate his damages, if any, as required by law.

9.      The damages alleged to have been sustained by Plaintiff, if any, may have been caused in whole or in part by the Plaintiff's own acts and conduct, not by reason of any tortious or unconstitutional conduct of these Defendants.

10.     The Defendants' action(s) or inaction(s) may not have been the proximate cause of the Plaintiff's claimed injuries and/or damages.

11.     The damages alleged to have been sustained by Plaintiff, if any, may have been caused in whole or in part by a non-party at fault.

## RESERVATION OF OTHER DEFENSES

The Defendants reserve the right to assert other defenses which may be disclosed as discovery and investigation are accomplished and hereby request leave of court to amend the within Answer, if necessary, at a later date.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendants pray that the same be dismissed and denied and that the Defendants have judgment against the Plaintiff for all costs herein expended, for expert witness fees, for attorney fees as provided by law and for such other and further relief as the Court may deem just and proper.

THE DEFENDANTS REQUEST A TRIAL BY JURY OF ALL ISSUES CONTAINED HEREIN WHICH ARE SO TRIABLE

DATED this 7th day of February, 2025.

*s/Nick Poppe*
Nicholas C. Poppe
Timothy M. Walsh
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2025 I electronically filed the foregoing **ANSWER AND JURY DEMAND** using the CM/ECF system which will send notification of such filing to the following:

Zachary L. Shiffler
Raymond K. Bryant
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (720) 515-6165
Fac: (720) 465-1975
zach@rightslitigation.com
raymond@rightslitigation.com
*Attorneys for Plaintiff*

*s/Nick Poppe* _____
Nicholas C. Poppe
Timothy M. Walsh
Attorneys for Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
NPoppe@ndm-law.com
TWalsh@ndm-law.com