IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-CV-03265-NYW-CYC

JACOB SCHUR

     Plaintiff

v.

TOWN OF BASALT, COLORADO,
AARON MUNCH,
VALERIA MORALES, and
NINO SANTIAGO,

     Defendants.

---

**UNOPPOSED MOTION TO STAY FOURTH AND FIFTH CLAIMS FOR RELIEF AGAINST DEFENDANTS SANTIAGO AND MORALES UNDER YOUNGER ABSTENTION DOCTRINE**

---

Defendants, Town of Basalt, Colorado, (the "Town") Aaron Munch, Valeria Morales, and Nino Santiago by and through their attorney Nicholas C. Poppe of Nathan Dumm & Mayer P. C., submit their Motion to Stay Plaintiff's Fourth and Fifth Claims for Relief against Defendants Santiago and Morales under the Younger Abstention Doctrine, and state as follows:

### CONFERRAL

The undersigned conferred with counsel for Plaintiff regarding this motion. This motion is unopposed.

### INTRODUCTION

Mr. Schur's claims against the Defendants arise out of three arrests by the Basalt Police Department. [ECF 1]. Criminal proceedings underlying Mr. Schur's first two arrests have been resolved. Criminal proceedings with respect to Mr. Schur's third arrest, by Defendants Santiago

and Morales, are still pending. The *Younger* abstention doctrine requires this Court to stay further proceedings with respect to Defendants Santiago and Morales until such time as the criminal matters have been resolved.

## RELEVANT FACTUAL BACKGROUND

1. In his Complaint, Mr. Schur alleges that Defendants Santiago and Morales wrongfully arrested him on September 3, 2024, pursuant to a warrant that was signed by a judge in Eagle County. [ECF 1, p. 11-14].

2. Mr. Schur alleges two causes of action against Defendants Santiago and Morales, both arising out of his arrest on September 3, 2024. [*Id*., pp. 22-25 (Fourth and Fifth Claims for Relief)].

3. A criminal case was filed in conjunction with Mr. Schur's September 3 arrest, *People of the State of Colorado v. Jacob Schur*, 2024CR188, Eagle County District Court.

4. As of the date of submission of this Motion, the criminal case in Eagle County remains active, with a disposition hearing currently scheduled for March 3, 2025. [Exhibit A, Case Schedule in 2024CR188].

## STANDARD OF REVIEW

Under *Younger* abstention doctrine, when parties file a civil suit the grounds for which relate to their own criminal prosecutions simultaneously underway in state court, plaintiffs are using the federal court system to interfere with the operation of a state legal system. Such litigation behavior is barred under the *Younger* abstention doctrine. Under those circumstances, a court should grant a stay under *Younger v. Harris*, 401 U.S. 37 (1971).

# ARGUMENT

A. *The Younger abstention doctrine requires the Court grant a stay while criminal proceedings are ongoing.*

The *Younger* abstention doctrine firmly establishes the principle that state courts should be free to decide state cases in the absence of interference from federal courts. *Younger*, 401 U.S. at 43. When the conditions for *Younger* abstention apply, the courts must grant a stay. *Phelps v. Hamilton*, 122 F. 3d 885, 889 (10th Cir. 1997). A party's simultaneous criminal prosecution and civil suit brought under 42 U.S.C. § 1983 may cause conflicting civil and criminal outcomes and may permit civil suits to be used as collateral attacks on criminal proceedings. *Thompson v. Clark*. 142 S. Ct. 1332, 1338 (2022). A fundamental purpose of the *Younger* doctrine is to avoid such duplication of legal proceedings. *Younger*, 401 U.S. at 44. With respect to a pending criminal case, "[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge to the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Id*. at 45, quoting *Fenner v. Boykin*, 271 U.S. 240, 244 (1926). Only where a plaintiff can show irreparable injury from a stay should the federal court proceed with a civil suit during a pending state criminal prosecution. *Younger*, 401 U.S. at 46. Federal courts should not issue injunctive relief with respect to proceeding in state courts, including those with respect to state criminal proceedings not yet formally instituted. *Id*. at 45. Finally, potential legal injury of the sort incidental to every criminal proceeding is not the sort of irreparable injury required to bar a stay. *Id*. at 47.

Here, Mr. Schur is free to challenge the validity of the state laws he is accused of violating in state court. Mr. Schur cannot present any evidence that following this course would not afford adequate protection of his rights. Neither can Mr. Schur demonstrate any likelihood of

irreparable injury beyond that associated with any criminal proceeding. Thus, the Court should follow *Younger* and grant a stay with respect to proceedings involving Defendants Santiago and Morales and Mr. Schur's Fourth and Fifth Claims for Relief during the pendency of the ongoing criminal matter.

## CONCLUSION

Defendants thus respectfully request that the Court stay discovery and all associated deadlines associated with Mr. Schur's Fourth and Fifth Claims for Relief against Defendants Santiago and Morales, until the remaining criminal action has been concluded.[1]

DATED this 14th day of February, 2025.

> s/Nick Poppe
> Nicholas C. Poppe
> Timothy M. Walsh
> NATHAN DUMM & MAYER P. C.
> 7900 E. Union Avenue, Suite 600
> Denver, CO 80237-2776
> Telephone: (303) 691-3737
> Facsimile: (303) 757-5106
> ATTORNEYS FOR DEFENDANTS

---

[1] A copy of this Motion has been served on the undersigned's clients, as it is seeking a partial stay of the case.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of February, 2025 I electronically filed the foregoing **MOTION TO STAY FOURTH AND FIFTH CLAIMS FOR RELIEF AGAINST DEFENDANTS SANTIAGO AND MORALES** using the CM/ECF system which will send notification of such filing to the following:

Zachary L. Shiffler
Raymond K. Bryant
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (720) 515-6165
Fac: (720) 465-1975
zach@rightslitigation.com
raymond@rightslitigation.com
*Attorneys for Plaintiff*

                                          *s/Nick Poppe*
                                          Nicholas C. Poppe
                                          Timothy M. Walsh
                                          Attorneys for Defendants
                                          NATHAN DUMM & MAYER P.C.
                                          7900 E. Union Avenue, Suite 600
                                          Denver, CO 80237-2776
                                          Telephone: (303) 691-3737
                                          Facsimile: (303) 757-5106
                                          NPoppe@ndm-law.com
                                          TWalsh@ndm-law.com